UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE ESTATE OF LOUIS D. HAEUSER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5631** |
| **WESTCHESTER SURPLUS LINES INSURANCE COMPANY** | **SECTION "C" (3)** |

**ORDER**

On January 28, 2015, the Motion to Compel [Doc. #43] came on for oral hearing before the undersigned. Present were Jeffrey Raines on behalf of plaintiffs, Leah Engelhardt on behalf of defendant, and John Waters on behalf of movant Thomas Haxton. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, the replies, and the case law, the Court rules as follows.

The Court denies the motion as moot with regard to Request for Production ("RFP") No. 9. Defendant has informed plaintiffs and the Court that there are no documents responsive to this request. This Court can not order defendant to produce what it does not have.

The Court grants the motion in part with regard to RFP No. 13. The Courts orders production of the personnel file of Thomas Haxton – the claims adjuster who handled plaintiffs' claims – as outlined below. Courts routinely conclude that the personnel file of the claims adjuster who adjusted the disputed claim is relevant. *See, e.g., Spriggs v. Phoenix Ins. Co.*, No. 13-CV-451,

2014 WL 559059, at *2 (N.D. Okla. Feb. 11, 2014) (ordering production of claim adjuster's personnel file but limiting documents to those that pertained to the adjuster's background, qualifications, training, and job performance); *Markel Am. Ins. Co. v. Flugga*, No. 5:11-CV-588, 2012 WL 4356960, at *2 (M.D. Fla. Sept. 24, 2012) (ordering production of adjuster's personnel file with personal matters not related to claim handling redacted); *Kafie v. Northwestern Mut. Life Ins. Co.*, No. 11-21251, 2011 WL 4636889, at *2 (S.D. Fla. Oct. 6, 2011) (allowing redaction of personal information including medical information, life insurance, family information and investment information); *Barber v. Dolgencorp of Tex.*, No. 4:09-CV-60, 2010 WL 1375193, at *2 (E.D. Tex. Mar. 31, 2010) (ordering production of documents in personnel file related to the adjuster's performance evaluations and any complaints about adjuster).

> The Court orders this production along these lines:
>
> The following safeguards shall be placed on the production: (i) documents in Haxton's personnel file related to his background, qualifications, training, job performance, and the handling of the specific claims at issue in this lawsuit shall be produced; (ii) no personal matters not related to claim handling shall be provided to plaintiffs (*e.g.*, defendant shall redact social security numbers, telephone numbers, drug test results, information relating to the employee's family or financial situation, and protected health information); (iii) the information provided to plaintiffs shall only be used in the instant litigation and for no other purpose; and (iv) the information shall not be shared with anyone who does not have a legitimate need to know the information on account of their involvement in this case.

At the oral hearing, Haxton argued that his deposition (scheduled for February 12, 2015) will give plaintiffs all of the information that they seek and, should the Court ultimately conclude that defendant should produce his personnel file, his deposition should occur before the Court determines whether his personnel file is discoverable. However, should the Court wait to order defendant to produce his personnel file until after the deposition, such an order may necessitate a second deposition of Haxton. With the discovery deadline (February 20, 2015) fast approaching,

the Court is unwilling to risk upsetting the deadlines in the District Court's Scheduling Order.

With regard to RFP No. 8, the Court also grants in part the motion. The Court recognizes that when the underwriting files related to policies issued to a party insure similar risks and when the policies have similar terms, courts have concluded that the policies are relevant and reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Silgan Containers v. Nat'l Union Fire Ins.*, No. C 09-05971, 2011 WL 1058861 (N.D. Cal. Mar. 23, 2011) (ordering production of underwriting files back to 1992 when policy period at issue lasted from 2004 through 2007). However, the Court finds that no such showing has been made here apart from conclusory allegations. The Court will, however, order production of the underwriting file from the year before Hurricane Isaac to enable plaintiffs to determine whether it (or potentially any other earlier files) possess relevant information. But, should plaintiffs seek more, they must make a specific showing of fact as to how any earlier policy is relevant and/or reasonably calculated to lead to the discovery of admissible evidence. Accordingly,

**IT IS ORDERED** that the Motion to Compel [Doc. #43] is GRANTED IN PART and DENIED AS MOOT IN PART as outlined above.

The Court denies any request for attorneys' fees and costs at this time.

New Orleans, Louisiana, this 29th day of January, 2015.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　**DANIEL E. KNOWLES, III**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

3