UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE ESTATE OF LOUIS D. HAUSER ET AL | CIVIL ACTION NO. 13-5631 |
| VERSUS | SECTION "C" |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY | HON. HELEN BERRIGAN |

## Order and Reasons

Before the Court are a Motion for Partial Summary Judgment on the Issue of Increased Cost of Construction/Code Upgrades (Rec. Doc. 44); Motion in Limine (Rec. Doc. 45); Motion for Leave to Supplement Record for the Motion in Limine (Rec. Doc. 49); and Motion to Strike, or in the Alternative, to Limit Expert Testimony (Rec. Doc. 42) filed by defendant, Westchester Surplus Lines Insurance Company ("WSLIC"). Having considered the record, the law, and the memoranda of counsel, the Court hereby and for the reasons that follow:

1) GRANTS IN PART and DENIES IN PART the Motion for Partial Summary Judgment (Rec. Doc. 44) ;

2) GRANTS the Motion for Leave to Supplement Record for the Motion in Limine (Rec. Doc. 49);

1

3) DENIES the Motion in limine (Rec. Doc. 45); and

4) GRANTS IN PART and DENIES IN PART the Motion to Strike (Rec. Doc. 42).

## I.	Factual background

This case concerns a dispute over the amount of payment owed on an insurance policy covering commercial properties in the New Orleans area. Plaintiffs own a number of pieces of commercial real estate in Louisiana covered by an insurance policy issued by WSLIC ("the policy"). Rec. Doc. 1 at ¶7. On August 28, 2012, these properties sustained damage from Hurricane Isaac. *Id*. at ¶8. The policy issued by WSLIC was active at the time. Rec. Doc. 8 at ¶8.

According to plaintiffs, shortly after Hurricane Isaac, they notified WSLIC of the damage to their property and allowed WSLIC's adjusters and consultants to inspect the properties. Rec. Doc. 1 at ¶10. Plaintiffs aver that they are entitled to $1,094,641.75 under the policy. *Id*. at ¶9. However, WSLIC agreed to pay plaintiffs only $208,848.35. *Id*. at ¶11.

On August 28, 2013, plaintiffs filed this lawsuit against WSLIC, alleging breach of contract, breach of duty to properly adjust their insurance claim, and failure to provide timely payment after receipt of proof of loss. Rec. Doc. 1 at ¶12-17. In January 2015, WSLIC filed the instant motions, which plaintiffs have opposed.

## II.	Law and Analysis

### *a. Increased Cost of Construction provision*

WSLIC moves for partial summary judgment on the issue of whether the Policy limits coverage of Plaintiffs' claim. WSLIC argues that a section of the policy known as the Increased Cost of Construction provision expressly excludes from coverage 1) any costs to bring property

into compliance with ordinance or law that was not compliant prior to Hurricane Isaac and 2) any costs for required upgrades that took place after August 29, 2014. Rec. Doc. 44-1 at 1-2. In response, plaintiffs claim that they are not seeking any increased construction costs to comply with ordinance or law, but rather, seek only to repair the property to the same condition it was in prior to Hurricane Isaac. Rec. Doc. 55 at 2. Plaintiffs further contend that because there is no actual controversy relating to increased construction costs, that the Court's judgment on the issue is prohibited. *Id*.

The Court will first discern whether there is indeed a controversy over the policy provisions in question. The Policy's Increased Cost of Construction provision provides that the insurer "will pay the increased cost incurred to comply with enforcement of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts of that property" *unless* 1) the insured was required to comply with the ordinance or law when the building was damaged, but failed to comply, or 2) the repairs or replacement are made more than two years after the damage was incurred. Rec. Doc. 44-2 at 4-5. In addition, even if the damaged building qualifies for payment for increased cost of construction, the provision puts a cap of $10,000 or 5% the value of the damaged building for such additional coverage. *Id*.

Although plaintiffs state that they do not seek coverage that would implicate any of these provisions, WSLIC challenges this claim. WSLIC points to repairs to an existing parapet wall at the Property which an inspection report deemed to be non-compliant with current building code wind load requirements. Rec. Doc. 44-3. The same report described damage to the parapet wall. *Id*. Thus, even if plaintiff seeks only to restore the property to its pre-storm condition, the report shows that such restoration would likely require additional costs to bring the potentially non-compliant parapet wall into compliance. Accordingly, the Court finds that there is a controversy

3

with regards to the Increased Cost of Construction provision. Because there is a controversy, plaintiff's argument that a ruling on this issue would be prohibited is moot. Rec. Doc. 55 at 2-3.

The Court now turns to the question of whether the policy limits plaintiff's coverage when bringing previously noncompliant property into compliance with applicable ordinances and law. Louisiana courts have held that an insurance policy "is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Cadwaller v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." LSA-C.C. art. 2046. Applying the general rules of interpretation to insurance policies, Louisiana's Supreme Court has held that "ambiguous policy provisions are generally construed against the insurer and in favor of coverage," elaborating that "equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer." *Cadwaller*, 848 So.2d at 580. However, for this strict construction principle to apply, the ambiguous provision "must be susceptible to two or more *reasonable* interpretations." *Id*.

Here, WSLIC has submitted an affidavit from Terrence E. Wolfe, a Registered Professional Engineer who inspected the Property. Mr. Wolfe states that the parapet wall "was not in compliance with the International Building Code (2009) or the American Society of Civil Engineers Minimum Design Loads for Buildings and Other Structures at the time of Hurricane Isaac in August 2012." He also states that the wall "was not originally built in compliance with any building code at the time of its original construction." Rec. Doc. 44-9. Further, Mr. Wolfe's notes from his inspection purport that the wall's studs and braces were improperly installed. Rec. Doc. 44-10. Plaintiffs have not contested the wall's noncompliance at the time that it was built or

offered documentation showing that the structure was compliant. Thus, the Court finds that WSLIC has shown that the parapet wall was not in compliance with the International Building Code or American Society of Civil Engineers Minimum Design Loads for Buildings and Other Structures.

The Policy provides that a building out of compliance with "ordinance or law" that it was required to comply with before the loss will be excluded from the Increased Cost of Construction coverage. Rec. Doc. 44-2 at 25. "Ordinance or law" is defined as "an ordinance or law that regulates the construction or repair of buildings or establishes zoning or land use requirements at the described premises, and is in force at the time of loss." *Id*. at 24. The Code of Ordinances for Jefferson Parish, Louisiana has adopted the International Building Code. Jefferson Parish, LA., Code of Ordinances § 8-2-100.[1] Thus, the parapet wall's noncompliance with the International Building Code amounts to failure to comply with an ordinance or law under the Policy. As such, the Court finds that to the extent that plaintiffs' plan to repair the parapet wall to its preexisting condition incurs additional costs to bring it into compliance with an ordinance or law that it was not compliant with at the time of the storm, WSLIC is not liable for such costs.

Having determined that WSLIC is not liable for additional costs for repairs of the parapet wall under the Increased Cost of Construction provision, the Court finds that the question of whether such repairs would also be excluded from coverage because of the provision's two year time limit is mooted. Rec. Doc. 44-1 at 12. The Court notes that its ruling pertains to the restoration of the Property's parapet wall, as neither party has shown a dispute about additional costs for repairing other parts of the Property.

---

[1] The ordinance adopts the 2006 edition of the International Building Code, rather than the 2009 edition, which Mr. Wolfe cites.

### *b. WSLIC's Motion in Limine*

WSLIC has filed a motion in limine asking the Court to "limit Plaintiffs' counsel from interjecting himself, or his personal knowledge of this matter, into the upcoming trial." Rec. Doc. 45-1 at 1. WSLIC submits that plaintiffs' counsel was extensively involved in the adjustment of the claim at issue in this lawsuit. *Id*. at 2. The Court gathers that WSLIC believes that this involvement will allow plaintiff's counsel to improperly insert his personal knowledge into the questioning of WSLIC or Engle Martin at trial—essentially acting as a fact witness without taking the stand or opening himself up to cross-examination. *Id*. For this reason, WSLIC argues that it will be substantially prejudiced in defending this lawsuit.

On January 16, 2015, WSLIC moved for the Court's leave to supplement its motion in limine with an additional exhibit of correspondence to and from plaintiffs' counsel. Rec. Doc. 49. Plaintiffs have admitted that they did not consent to WSLIC's motion to supplement the record for the motion in limine solely because of preexisting discovery disputes. Rec. Doc. 60. Moreover, the Court finds that supplementation of the record will aid it in adjudicating the motion in limine. Thus, the Court grants leave to supplement its motion in limine.

In response to the motion in limine, plaintiffs point out that neither party has indicated an intention to call plaintiffs' counsel as a witness to testify at trial. Rec. Doc. 56 at 2. Though WSLIC does not move for plaintiffs' trial counsel to be disqualified, plaintiffs also argue at length against disqualification. *Id*. at 6.

Because neither party plans to call plaintiffs' counsel as a fact witness, the grounds for this motion are too speculative and the relief requested too vague to permit the Court to make a ruling. Moreover, as WSLIC has not moved to disqualify plaintiffs' counsel, the Court does not reach this issue. The Court is confident that its authority to "exercise reasonable control" over the

examination and cross examination of witnesses under Federal Rule of Evidence 611 will allow it to ensure that neither side is unduly prejudiced by plaintiffs' counsel's knowledge of the dispute prior to the lawsuit's filing. Accordingly, the motion in limine is DENIED.

### c. Expert testimony

Finally, WSLIC has moved to strike or, in the alternative, limit expert testimony. Rec. Doc. 42-1. WSLIC raises objections to materials plaintiffs have submitted in relation to expert testimony by Highlands Construction Company, Inc. ("Highlands"), Leonard Quick/Quick & Associates, Inc. ("Quick"), Edmund Barberio/ETB Enterprises ("Barberio"), and Paul nelson/Tandem Roofing ("Nelson") and argues that their testimony in relation to these materials should either be stricken or limited. *Id*. The Court will address each in turn:

1. Highlands

According to WSLIC, plaintiffs have not provided any written report to disclose expert testimony by Highlands, pursuant to Fed. R. Civ. P. 26(a)(2)(B). *Id*. Plaintiffs aver that they have no intention of calling an expert from Highlands. Rec. Doc. 59 at 2. The Court finds that plaintiffs may not present at trial an expert from Highland, since they have not submitted the written report required by Rule 26.

2. Quick

WSLIC contends that plaintiffs have not provided WSLIC with an expert report as required Fed. R. Civ. P. 26(a)(2)(B), but rather have submitted nearly forty separate reports that complicate WSLIC's task of discerning the opinions Quick will express and his basis for them. Rec. Doc. 42-1 at 2. In addition, WSLIC takes issue with the fact that each of these reports includes language stating that the documents do not represent a complete accounting of damages

to the properties. Rec. Doc. 42-1 at 7. Plaintiffs rebut that their submission is in compliance with Rule 26. Rec. Doc. 59 at 5.

Rule 26(a)(2)(B) requires that if a party intends to use an expert witness at trial, the witness must prepare and sign a report containing:

(i) A complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) The facts or data considered by the witness in forming them;
(iii) Any exhibits that will be used to summarize or support them;
(iv) The witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) A statement of the compensation to be paid for the study and testimony in the case.

"The purpose of these expert reports is not to replicate every word that the expert might say from the stand. It is instead to convey the substance of the expert's opinion. . . so that the opponent will be ready to rebut, to cross-examine, and to offer competing expert if necessary." *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 762 (7th Cir. 2010).

The Court agrees with WSLIC that the language in Quick's reports stating that the reports are not intended to represent complete documentation of materials and damages is problematic. Taken at face value, this caveat prevents WSLIC from adequately anticipating the substance of Quick's opinions. Thus, the Court GRANTS IN PART WSLIC's motion by limiting Quick's testimony to only the opinions and bases for opinions that are stated expressly in the expert reports or attached to them. However, the Court declines to strike Quick's opinions in their entirety. While the Court agrees that the submission of nearly forty separate reports complicates WSLIC's task of preparing for rebuttal and cross-examination, the reports at issue here are each very brief—typically only 2 or 3 pages in length—and are thus not unduly burdensome to review. Furthermore, WSLIC does not aver that the opinions expressed in the reports contradict

one another or contain other inconsistencies, or violate other provisions of Rule 26. While some of the reports reference interviews and analysis of forensic physical evidence which do not appear to have been attached to the reports, the Court's order to limit testimony to only the opinions and bases for opinions expressly included in the reports or attached to them eliminates the risk that defendants will be "ambushed" at trial.

    3.  Barberio

WSLIC also argues that expert testimony from Barberio, plaintiffs' expert contractor, should be limited because several are incomplete as set forth:

- 1500 L&A Road – WSLIC states the report does not include an estimate of damages, only the cover page for the estimate. Further, the cover page mentions damage to an exhaust fan, but the report itself does not mention damage to the exhaust fan. Rec. Doc. 42-1 at 8.
- 2901 General DeGaulle Drive – WSLIC states that plaintiffs have provided only an estimate for damages to this property, and no accompanying report. *Id*.

WSLIC admits that both estimates and reports were provided for other properties at 4450 North Galvez Street, 4745 River Road and 4709 River Road. *Id*. WSLIC argues that testimony from Barberio should be limited to only the three properties for which it received both estimates and reports. *Id*.

    The Court finds that limiting Barberio's testimony is not warranted by the circumstances. Plaintiffs' counsel claim that to their knowledge, reports for all six properties, including for 4915 Jefferson Highway (which WSLIC does not mention in its motion) were sent to WSLIC, and that they only learned that incomplete materials may have been sent with the filing of this motion. Furthermore, plaintiffs attest that complete copies of damage estimates for these properties were

sent to WSLIC on July 1, 2014 and that WSLIC also received Barberio's complete file by subpoena in August 2014. Rec. Doc. 59 at 8.

In *Atkins v. County of Orange*, a district court considered whether to preclude testimony from an expert witness because the expert report was insufficiently detailed and incomplete. 372 F.Supp.2d 377, 396-97 (S.D.N.Y. 2005). The court found that disallowing the expert's testimony was inappropriate because the defendants had failed to object to the report, waiting until just a few months before trial to move to exclude the testimony. *Id*. at 397. Here, Barberio's reports were mailed to WSLIC on December 3, 2014. Rec. Doc. 59-1 at 42. The cover page to the mailing stated that Barberio's reports, CV, list of testimony, and hourly rate were enclosed, though as discussed above, plaintiffs had failed to attach complete versions of several of the reports. *Id*. WSLIC filed the instant Motion to Strike over a month later on January 13, 2015, apparently without first attempting to contact plaintiffs to ask why the complete reports were not enclosed. Furthermore, plaintiffs had provided copies of Barberio's estimates and his complete file in July and August 2014. *Id*. at 1, 7. While the defendants in *Atkins* possessed the insufficient report for considerably more time—over a year—the Court finds that as in that case, WSLIC should have attempted to notify plaintiffs of the deficiencies in Barberio's reports once they had become known. Finally, WSLIC was on notice of Barberio's estimates and opinions through plaintiffs' earlier production. Thus, rather than limiting Barberio's testimony, the more appropriate measure is to order plaintiffs to produce the complete version of Barberio's reports if they have not done so already and allow WSLIC to move for a brief continuance of the trial date, if needed.

4. Nelson

Finally, WSLIC states that Paul Nelson provided reports for only five of the twenty-five properties at issue in this suit, and provided only estimates and invoices for the remaining twenty properties. Rec. Doc. 42-1 at 2. In addition, WSLIC claims that Nelson's reports suffer further deficiencies, including failing to specify which reports rely on direction from Quick & Associates and relying on estimates made by Highlands to his reports, though as the Court has already found, plaintiffs will not be permitted to put on testimony from Highlands. *Id*.

The Court agrees that the reports submitted by Nelson do not satisfy the requirements of Rule 26. The estimates that Nelson provides merely itemize the proposed work to be done to repair the property and the cost of such work. For instance, for the property at 4402 North Galvez Street, Nelson provides multiple invoices that list repairs needed, such as "tarp damaged roof" and "seal damaged wall panels" and the amount such repairs will cost. Rec. Doc. 42-4 at 88. Estimates and invoices alone do not describe with sufficient detail an expert's opinion or the basis of those opinions. Nelson states only that his estimates are based on site visits and discussions with Quick's associates. These averments are insufficient to show the underlying basis for his opinions. Thus, the Court shall limit Nelson's expert testimony to only those five properties which are mentioned specifically in his report (the properties at 4401-05 N. Roman Street, 1220 L & A Road, 4729 River Road, 4921-23 River Road, 1500-28 L & A Road). Furthermore, because Nelson's descriptions of his impressions of these five properties are also conclusory, the Court will allow WSLIC to require supplemental reports from plaintiffs under Rule 26(a)(2)(E) if WSLIC finds supplementation to be necessary, and will allow WSLIC to move for a brief continuance of the trial to allow for such supplemental reports to be filed.

Accordingly,

11

IT IS ORDERED that:

1) the Motion for Partial Summary Judgment is GRANTED IN PART and DENIED IN PART (Rec. Doc. 44) ;

5) the Motion for Leave to Supplement Record for the Motion in Limine is GRANTED (Rec. Doc. 49);

6) the Motion in Limine is DENIED (Rec. Doc. 45); and

7) the Motion to Strike is GRANTED IN PART and DENIED IN PART  (Rec. Doc. 42).


New Orleans, Louisiana, this 4th day of March, 2015.

                                                            _____
                                                            HELEN G. BERRIGAN
                                                            UNITED STATES DISTRICT JUDGE